FILED

2005 Nov-16  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| FELICIA FARRINGTON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| vs. | } | CASE NO. CV 05-B-0220-S |
| | } | |
| A.C. LEGG, INC.; WALTER | } | |
| COCKRELL, | } | |
| | } | |
| Defendant. | } | |

### MEMORANDUM OPINION

Currently before the court is defendants' Motion to Dismiss, filed September 2, 2005.

(Doc. 4.)  Upon consideration of the record, the submission of the parties, the arguments of

counsel, and the relevant law, the court is of the opinion that the defendants' Motion to Dismiss

is due to be granted in part and denied in part.

Defendant Walter Cockrell moves to dismiss plaintiff's Title VII claim against him

because an individual is not an appropriate defendant in a Title VII action.  The Court of Appeals

for the Eleventh Circuit has stated:

> Individual capacity suits under Title VII are similarly inappropriate.  The
> relief granted under Title VII is against the *employer*, not individual employees
> whose actions would constitute a violation of the Act.  We think the proper method
> for a plaintiff to recover under Title VII is by suing the employer, either by naming
> the supervisory employees as agents of the employer or by naming the employer
> directly.

*Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).  Though it is Cockrell's actions

which allegedly violated plaintiff's rights under Title VII, the court finds that plaintiff's Title VII

claims against him are inappropriate and are therefore due to be dismissed.

In addition, defendants Walter Cockrell and A.C. Legg move to dismiss plaintiff's claim for failure to serve the defendants within the time period set forth in Federal Rule of Civil Procedure 4(m). Under Rule 4(m), service of the summons and complaint must be made upon the defendant within 120 days after the filing of the complaint. Upon the expiration of the time limit for service, the court may dismiss the action without prejudice. Plaintiff does not dispute that service was untimely. (Pl.'s Response, at 2.) Nevertheless she asks the court to allow her federal claims to go forward because plaintiff's counsel, mistakenly, operated under the Alabama Rules of Civil Procedure which, she claims, "do not have a time service requirement." (*Id.* at 3.) Contrary to the representation of plaintiff's counsel, the time limit for service under the Alabama Rules is the same as that under the Federal Rules. Like Federal Rule of Civil Procedure 4(m), Rule 4(b) of the Alabama Rules of Civil Procedure imposes a 120 day time limit for service of the complaint.

The court finds that service was untimely in this case. However, if plaintiff's federal claims are dismissed, she will be barred from re-filing because the time limit for filing suit under Title VII has expired. Therefore, in the interest of avoiding injustice to the plaintiff, the court will exercise its discretion and allow plaintiff's federal claims to go forward. Accordingly, defendants' motion to dismiss for untimely service will be denied.

## CONCLUSION

For the forgoing reasons, this court is of the opinion that defendants' Motion to Dismiss is due to be granted in part and denied in part. Defendant Walter Cockrell's motion to dismiss plaintiff's Title VII claims against him in his individual capacity will be granted. Defendants' motion to dismiss plaintiff's remaining federal claims for untimely service will be denied.

An Order granting in part and denying in part defendants' Motion to Dismiss will be entered contemporaneously with this Opinion.

**DONE** this the 16th day of November 2005.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE